**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

ROBERT CORMACK,[1]

        Appellant,

      v.

DEPARTMENT OF THE NAVY,

        Agency.

DOCKET NUMBER
PH-0752-13-2764-I-1

DATE: August 20, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[2]

Robert Cormack, Esquire, Lakehurst, New Jersey, pro se.

Anthony M. Dowdle, Patuxent River, Maryland, for the agency.

David S. Castro and Ellen McArthur, Lakehurst, New Jersey, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which affirmed his furlough for 6 days.  Generally, we grant petitions such as this one

---

[1] Pursuant to 5 C.F.R. § 1201.36(a), this appeal was part of a consolidation.  *NAV AIR HR 3 v. Department of the Navy*, MSPB Docket No. PH-0752-14-0364-I-1.

[2] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

only when:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

¶2    The agency issued a decision notice furloughing the appellant for no more than 11 workdays (later reduced to 6 days) from his GS-13 Electrical Engineer position.  Initial Appeal File, Tab 1 at 7-9.  The furlough was based on serious budgetary challenges facing the Department of Defense (DOD), including the sequester that began on March 1, 2013.  The appellant filed an appeal, which the administrative judge consolidated with the appeals of similarly situated employees.  MSPB Docket No. PH-0752-14-0364-I-1, Consolidated Appeal File (CAF), Tab 2.  After holding the requested hearing, the administrative judge affirmed the furlough actions.  CAF, Tab 19, Initial Decision (ID) at 2, 12.

¶3    In his petition for review, the appellant argues that his employer is the Naval Air Systems Command (NAVAIR), not the Department of the Navy (Navy or the agency) or the DOD, and that NAVAIR had sufficient funds to avoid a furlough.  Petition for Review (PFR) File, Tab 1 at 5-6.  In *Yee v. Department of the Navy*, 121 M.S.P.R. 686, ¶ 14 (2014), the Board found that, although the Navy is separately organized under the Secretary of the Navy, it operates under the

authority, direction, and control of the Secretary of Defense so that even though the Navy had adequate funds to avoid a furlough, the DOD was entitled to consider its budget situation holistically. Similarly, components of the Navy, including NAVAIR, are subordinate to the Secretary of the Navy and thereby are necessarily subordinate to the Secretary of Defense. Thus, the administrative judge properly found that the agency established that the DOD faced a lack of funds and that the furlough actions, including those in the Navy and in NAVAIR in particular, were a reasonable management solution to the problem. ID at 10-11; *Yee*, 121 M.S.P.R. 686, ¶ 14.

¶4      The appellant further asserts that any cost savings achieved by furloughing NAVAIR employees could not be legally transferred to components needing additional funds, so the furlough of NAVAIR employees did not meet the efficiency of the service standard. PFR File, Tab 1 at 6-7. Below, the appellant identified a statement in the agency's Master Agency Narrative that discussed the agency's efforts to reallocate funds through the mechanism of reprogramming and, in particular, the agency's statement that it had used "almost all" of its transfer authority for that fiscal year. *See* Department of the Navy Administrative Record for FY 2013 Furlough Appeals, Master Agency Narrative, Tab 1a at 13, *available at* http://www.mspb.gov/furloughappeals/navy2013.htm. The appellant's argument amounts to an attempt to focus the Board's inquiry on whether the agency has shown that the furlough promoted the efficiency of NAVAIR. Under *Yee*, however, the focus is properly on the efficiency of the service as a whole, and not on the efficiency of isolated components of the DOD. *See Yee*, 121 M.S.P.R. 686, ¶ 14.

¶5      Accordingly, we affirm the initial decision.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Merit Systems Protection Board neither endorses the services

provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                     _____
                                   William D. Spencer
                                   Clerk of the Board

Washington, D.C.